PER CURIAM.
This case is before the Court upon a notice of formal charges brought by the Judicial Qualifications Commission and the Commission’s recommendation that Judge Raphael Steinhardt be disciplined. We have jurisdiction. Art. V, § 12, Fla. Const. For the reasons expressed, we approve the recommendation of the Commission that Judge Steinhardt be given a public reprimand.
Judge Steinhardt was charged with fifteen counts of conduct in violation of the Code of Judicial Conduct. After a final hearing, the Commission found Judge Steinhardt guilty of two of those counts. The first count for which Judge Steinhardt was found guilty charged as follows:
1. You parked your green Corvette between two “No Parking Any Time” signs on Ocean Drive March 28, 1994 and then, after receiving a parking ticket from Police Officer Andrew Dillon:
a. demanded of Police Officer Ronald Shimko, whom you encountered shortly thereafter, ‘Who the fuck is Dillon?”
b. told Officer Shimko, who asked if you wished to speak with Officer Dillon, “No, I’ll pay the fucking ticket.”
c. pulled your Corvette up next to where Officers Shimko and Dillon were standing, conferring, shortly afterwards, rolling down your window, staring at Dillon, and nodding as you said, “Okay, Dillon, Okay.”
d. told Lt. James Scarberry and Sgt. Larry Hankoff April 13, 1994, when they came to discuss the homeless problem with you:
You know, because of what Officer Dillon did, I’m withdrawing the $10,000 contribution I normally give to the Police Officers Benevolent Fund and I’ll be giving it to the homeless. And you tell Officer Dillon that I’ll be on the bench for four more years and he’ll have to deal with me every time he comes to court with a ease.
e. summoned Major Vincent Mulshine to the branch courthouse [on] April 21, 1994 and [demanded] to know why Officer Dillon had not been in court that morning (he had not received the subpoena).
f. told the Miami Beach Police Department that Officer Dillon should not appear before you on May 12, 1994 because you, because of a “conflict of interest,” would refuse to hear his cases any longer, and entered a notice of recusal that day.
The second count for which Judge Steinhardt was found guilty charged that he demanded *618 that a plaintiffs attorney appear ex parte before him in his chambers, where he then questioned the attorney concerning what the attorney knew about an unflattering newspaper article concerning Judge Steinhardt.
As to the first count, the Commission found that clear and convincing evidence existed to establish those allegations, and that the conduct outlined in count one totally failed to comply with the requirements of the Code of Judicial Conduct, Canons 1 (judge shall uphold integrity and independence of the judiciary), 2 (judge shall avoid impropriety and appearance of impropriety in all activities), and 3 (judge shall perform duties of office impartially and diligently). The Commission also determined there was clear and convincing evidence to support the allegations contained in the second count, finding that such conduct violated Canons 1 and 2. After determining that Judge Steinhardt’s conduct violated the above listed canons and eroded public confidence and trust in the judiciary, the Commission recommended that this Court publicly reprimand Judge Stein-hardt for his misconduct.
In his response to the Commission’s findings and recommended discipline, Judge Steinhardt apologized for his misconduct and stated that he would accept the punishment recommended by the Commission.
Accordingly, based on the foregoing, we hereby reprimand Judge Raphael Steinhardt for improper conduct by a judicial officer.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.